Pedlecador Clemente **CAPARROSA C.** (Cargill), Appellant,

v.

The **GOVERNMENT OF the CANAL ZONE**, Appellee.

No. 25753.

United States Court of Appeals Fifth Circuit.

May 2, 1969.

W. J., Sheridan, Jr., Balboa Heights, Canal Zone, Tom Alexander, Houston, Tex., for appellant.

Rowland K. Hazard, U. S. Atty., Balboa, Canal Zone, for appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES and McENTEE *, Circuit Judges.

* United States Circuit Judge from the First Circuit, sitting by designation.

**PER CURIAM:**

On the Government's motion to reverse and remand acknowledging error in the receipt of statements in violation of *Miranda* requirements (Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694), which our independent examination bears out, the judgment of the District Court is reversed and remanded for further proceedings. The mandate shall issue immediately, FRAP 41(a).

Reversed and remanded.

RIVES, Circuit Judge (specially concurring):

I would add a few remarks because this case furnishes striking proof that, despite the dedicated labors of many judges and lawyers, more work is needed to improve the administration of justice in our federal courts. Constant vigilance is required on the part of the bench and bar to avoid unjust treatment of any accused and to provide for the just determination of every criminal proceeding without unnecessary delay. This case can be best understood against a chronological background:

(1) February 4, 1967—A residence on the Albrook Air Force Base in the Canal Zone was burglarized.

(2) May 12, 1967—Caparrosa was arrested, charged with the burglary and taken before the Magistrate's Court of Balboa, where he was represented by the Public Defender, William J. Sheridan, Jr. He was held for trial before the district court. He has been restrained of his liberty since, at this writing for nearly two years.

(3) May 18, 1967—Detectives Martin and Corso took Caparrosa to the Albrook Air Force Base for examination of the residence which had been burglarized. Caparrosa denied any familiarity with the Albrook Base or the premises in question.

(4) May 22, 1967—Caparrosa was again questioned extensively by Detectives Corso and Martin. He finally broke down and made a lengthy confession.

(5) May 23, 1967—The next day Caparrosa retracted his confession and emphatically denied its veracity.

(6) June 6, 1967—Caparrosa was arraigned before the district court, pled not guilty, and the Public Defender was appointed to represent him.

(7) June 10, 1967—Detectives Corso and Martin having persisted in questioning Caparrosa, he gave another lengthy confession.

(8) June 16, 1967—Six days after Caparrosa's second confession, he was admitted to the Psychiatric Ward of the Gorgas Hospital in the Canal Zone.

(9) August 2, 1967—Dr. James Carlin, Chief of the psychiatric service of the hospital, reported to the district court by letter that Caparrosa was incapable of standing trial at that time and that several more weeks of treatment would be necessary to secure sufficient improvement to permit his appearance.

(10) August 18, 1967—Caparrosa was released from the Gorgas Hospital but remained in federal custody. Dr. Carlin then certified that he was competent to stand trial.

(11) September 27, 1967—The case had been set for trial on September 27, but trial did not proceed on that date because of Caparrosa's real or feigned hysterical condition. The district judge made the following comment to the jurors:

"Ladies and Gentlemen, a number of you have been called here as jurors in the case of the Government of the Canal Zone versus Pendlecador Clemente Caparrosa [sic], the person who is in the Court House in the jail, and he's a person who has been under observation by the authorities and we have had a report from proper psychiatrists that he is perfectly able to stand trial, but this morning he is hys-

terical and that will cause problems if he is brought into the Court Room, so we are going to have a doctor check him again, and we will not go into trial today."

(12) September 29, 1967—Trial proceeded before a jury selected from the panel of jurors to whom the judge had made the comment quoted in (11), *supra.* The jury returned a verdict finding Caparrosa guilty of burglary in the first degree. Later the court sentenced him to ten years' imprisonment, the term to commence upon the expiration of a five-year sentence previously imposed in Criminal No. 5227, on which an order of probation was revoked after the present charge was brought.

(13) Notice of appeal was timely filed, and Caparrosa was granted leave to proceed on appeal in forma pauperis. The record on appeal was duly filed.

(14) March 5, 1968—The Public Defender filed with the Clerk of this Court the following statement: "I do not see any valid basis for appeal in this matter. No brief therefore is filed."

(15) May 3, 1968—A panel of this Court, Gewin, Goldberg and Goldbold, Circuit Judges, ordered that counsel residing in the United States be appointed to represent Caparrosa on this appeal and that said counsel file a brief directed to the issue of voluntariness of inculpatory statements given by Caparrosa and such other issues as counsel saw fit.

(16) August 19, 1968—Counsel appointed to represent Caparrosa filed an excellent brief on his behalf.

(17) October 2, 1968—The United States Attorney for the Canal Zone moved that the judgment of conviction be reversed and the case remanded to the district court for further proceedings for reasons set forth in a memorandum, as follows:

"The review of the record in the above-entitled case convinces us that the case does not warrant a further brief in this Court. This opinion has been arrived at after consultation with the Department of Justice which had the opportunity also of reviewing the record and appellant's brief and, accordingly, it is suggested that the attached motion to remand be approved.

. "The ground for this suggestion and motion is that the record, as indicated in appellant's brief clearly discloses that Caparrosa was not at any time adequately warned of his Constitutional rights prior to interrogation by the police in that they failed to inform him that he had a right to have counsel present during his interrogation (R. 171, 172, 181, 183, 186, 200 and 201). Such warning is required by Miranda v. Arizona, 384 U.S. 436, [86 S.Ct. 1602, 16 L.Ed.2d 694] (1966) as emphasized in quotations from this decision at pages 8 and 12 of appellant's brief, and is an indispensable condition to effective waiver, as pointed out at page 470 [86 S.Ct. 1602] of the decision:

" 'No effective waiver of the right to counsel during interrogation can be recognized unless specifically made after the warnings we here delineate have been given,'

and as implemented by this Court in Windsor v. United States, 389 F.2d 530 (1968)."

Thus this case is chock full of ·errors, grievous errors. After the quoted remarks of the district judge [No. 11, p. *supra*], it is extremely doubtful that a fair trial could be had before jurors to whom those remarks were directed. As the earlier panel of Gewin, Goldberg and Godbold recognized [No. 15, *supra*], there was doubt about the issue of voluntariness of the inculpatory statements given by Caparrosa. As the Government conceded [No. 17, *supra*], violation of the *Miranda* rule was clear and undisputed.

The record now before this Court does not show beyond a reasonable doubt that Caparrosa is guilty of the burglary for

which he stands convicted. He has, however, been deprived of his liberty since May 12, 1967, that is for nearly two years. Sound judicial administration suggests also that we add that in the even Caparrosa is retried, the Government must shoulder a heavy responsibility in justifying the use of anything obtained as a result of these illegal custodial interrogations or the consequent investigation. Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. In any event, the final disposition of this case in the district court should be prompt.